IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SAMUEL CARTER**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.:** 3:25-cv-437-KHJ-MTP

**RANKIN COUNTY, MISSISSIPPI**
**and JOHN DOES 1-7**                                                                           **DEFENDANTS**

## COMPLAINT
**(Jury Trial Demanded)**

COMES NOW, Plaintiff Samuel Carter, by and through his attorneys of record, Trent L. Walker and Catouche J.L. Body, and files this Complaint, and in support would show unto the Court the following:

### INTRODUCTION

1. For his Complaint, Plaintiff Samuel Carter, an adult resident of Rankin County, Mississippi, by and through his attorneys, states and alleges as follows:

2. This cause of action arises out of the physical assault and harassment of Samuel Carter by deputies of the Rankin County Sheriff's Department which occurred on or about June 18, 2022 at the Home of the Plaintiff, 2595 Shiloh Road, Pelahatchie, Mississippi. This cause of actionsupervisenetary damages brought under 42 U.S.C. § 1983 to redress the deprivation under color of state law of Samuel Carter's clearly established rights as secured by the Fourteenth Amendments to the United States Constitution against Defendant Rankin County, Mississippi and John Does 1 through 7 in their respective capacities as duly-certified law enforcement officers employed by the Rankin County Sheriff's Department (collectively, the "Defendant Officers"), for their respective violations of Mr. Carter's right to be free from the use of excessive force; and (2) Defendant Rankin County Sheriff's Department for its failure to train,

failure to properly supervise, unconstitutional policies, customs and/or practices under ***Monell*** and its progeny.

## VENUE AND JURISDICTION

3. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Southern District of Mississippi. Moreover, upon information and belief, all of the parties reside in this Judicial District.

5. This Court has jurisdiction over the parties herein in that the acts and omissions complained of herein occurred in Rankin County, in the Southern District of Mississippi.

## PARTIES

6. Plaintiff Samuel Carter is an adult resident of Mississippi.

7. Defendant, Rankin County, Mississippi is a political subdivision of the State of Mississippi and may be served with process of this court. The Rankin County Sheriff's Department ("Sherriff Department") is and was at all times material hereto a Rankin County agency, providing the vehicle through which Defendant Rankin County, Mississippi fulfills its policing functions.

8. Upon information and belief, Defendant John Does 1 through 7 are and were at all times material hereto citizens of the United States and the state of Mississippi. Does 1-7 were at all times material hereto employed by the Sheriff's Department as duly appointed and sworn police officers and were acting in their individual capacity and/or under color of state law, and within the scope of their employment.

# FACTS

9.  On or about June 18, 2022, the plaintiff was at his home in Pelahatchie, Mississippi when he was brutally attacked and assaulted by members of the Rankin County Sheriff's department.

10. The assault upon the plaintiff was part of an ongoing pattern of harassment that occurred between 2016 and June 18, 2022.  Over that period, the plaintiff's home was raided between six and eight times by members of the Rankin County Sheriff's Department, frequently without a search warrant, and frequently without an arrest being made.  The deputies referred to these unwarranted raids as "coming to a fun spot because they were bored."

11. At the time of this unwarranted raid, as was the usual pattern, no Sheriff's deputy to action to prevent any assault on the plaintiff, or to report the actions of any other deputy.  It appeared to the Plaintiff that all deputies who were present were equal participants.

12. None of the Sheriff's deputies who were present attempted to render any medical aid to the plaintiff.

13. In addition to his physical injuries, Plaintiff has subsequently been diagnosed with Post-Traumatic Stress Disorder which has required extensive and ongoing medical treatment.

# CAUSES OF ACTION

## COUNT I– 42 U.S.C. §1983 – FOURTEENTH AMENDMENT VIOLATIONS AGAINST DEFENDANT, RANKIN COUNTY, MISSISSIPPI

14. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

15. The conduct by deputies of the Rankin County Sheriff's Department constituted excessive force in violation of the Fourteenth Amendment of the United States Constitution, and clearly established law.

16. At all material times, all deputies were acting under color of state law, as agents of Rankin County, Mississippi, and within the scope of their employment and authority as duly certified law enforcement officers of the Rankin County, Mississippi.

17. At all times material hereto, deputies failed to intervene in the violation of Mr. Carter's federal rights as well as failed to render medical assistance to the plaintiff, despite observing the use of excessive force, and the injuries suffered by the plaintiff. Thus, the deputies, when they are identified are liable in both their individual and their official capacities.

18. At all material times, Rankin County Sheriff's deputies had no reason to believe that the plaintiff was armed or dangerous.

19. At all material times, Rankin County Sheriff's Deputies did not have a reasonable fear of imminent bodily harm when they assaulted the plaintiff, nor did they have a reasonable belief that any other person was in danger of imminent bodily danger from the plaintiff, Mr. Carter.

20. It was a violation of Mr. Carter's Fourteenth Amendment rights for the defendants not to render medical aid following Mr. Carter's assault.

21. As a result of the deputies' unjustified, excessive, illegal, and use of force, Mr. Carter experienced conscious pain and suffering and sustained numerous physical injuries.

22. In addition to these uses of unjustified, excessive, illegal, and use of force, each of the officers had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer.

23. All deputies recognized that the force being used was excessive and unreasonable under the circumstances.

24. Each deputy observed and was in a position to intervene to stop the assault on the plaintiff.

25. The deputies' failure to intervene in unreasonable force violated Mr. Carter's clearly established Fourteenth Amendment rights and caused the plaintiff to experience conscious pain and suffering and to suffer compensatory and special damages as defined under federal common law and in an amount to be determined by the jury.

26. Punitive damages are available against the John Doe deputies, Doe Defendants 1-7, and are hereby claimed as a matter of federal common law. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### COUNT II – 42 U.S.C. §1983 – MONELL LIABILITY AGAINST RANKIN COUNTY, MISSISSIPPI

27. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

28. The Rankin County Board of Supervisors and Sheriff Bryan Bailey had final policymaking authority with regard to establishing written policies and training programs governing the conduct of Rankin County Sheriff deputies performing policing functions on behalf of the County

29. The Rankin County Board of Supervisors and Sheriff Bryan Bailey established and/or approved of The Rankin County Sheriff Department's written policies and training governing the conduct of Rankin County Sheriff deputies performing policing and jailing functions.

30. The policies and training procedures established and/or approved by The Rankin County Board of Supervisors and Sheriff Bryan Bailey constitute the official policy of Rankin County, Mississippi and were the moving force behind and caused Plaintiff's injuries.

31. Rankin County, Mississippi acting by and through its Board of Supervisors and Sheriff Bryan Bailey and other policymakers, had knowledge of Rankin County Sheriff Department's unconstitutional patterns and practices and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

32. Rankin County, Mississippi, acting by and through its Rankin County Board of Supervisors and Sheriff Bryan Bailey and/or other policymakers, made a deliberate and/or conscious decision to disregard the known risk of harm that would result from the Sheriff Department's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

33. On or prior to June 18, 2022, Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees and detainees.

34. On or prior to June 18, 2022, Rankin County Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that condoned and required officers to turn a blind eye to and not intervene with the use of excessive force by the Rankin County Sheriff's Department.

35. On or prior to June 18, 2022 Rankin County, Mississippi, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

36. Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, continued to employ certain deputies within the department despite knowledge of their repeated unconstitutional, unlawful, or other improper conduct.

37. Rankin County, Mississippi's failure to terminate or properly discipline its rogue deputies despite knowledge of their pattern of behavior is part of its larger custom, police, or practice of failing to supervise, terminate or properly discipline its officers for unconstitutional, unlawful, or otherwise improper conduct, and thereby encouraged those deputies to continue engaging in unlawful acts towards citizens, including the Plaintiff.

38. On or prior to June 18, 2022, Rankin County, Mississippi with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified its agents, by providing improper and harmful training to officers.

39. The actions of said deputies took place in Rankin County. The brutal unprovoked nature of the attack and the failure to intervene, to render aid or to provide medical assistance infer that deputies expected no discipline and had nothing to fear as a result of their actions. Jenkins, et al. v. Rankin County, Mississippi, et al., 3:23-cv-374-DPJ-ASH, [Doc. # 63 at pp. 13-14], (S.D. Miss. July 24, 2024) See Listenbee v. City of Harvey, No. 11-C-03031, 2013 WL 5567552, at *3 (N.D. Ill. Oct 9, 2013).

## *COUNT III – 42 U.S.C. §1983*

40. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

41. Rankin County, Mississippi failed to properly supervise, train or modify its training to Defendant Officers and its other officers, including but not limited to, matters related

to the reasonable and appropriate use of force, intervention in the excessive use of force by fellow officers, and the appropriate rendering of medical assistance to citizens.

42. Illegal use of force during unsanctioned and warrantless raids is a usual and recurring situation which the Rankin County Sheriff's Department law enforcement officers and other agents encounter on a regular basis. As such, Rankin County, Mississippi was aware of a need for more and different training. Rankin County, Mississippi specifically knew that its officers needed proper supervision.

43. Rankin County, Mississippi with deliberate indifference to the rights of citizens, failed to provide adequate training and supervision to its officers.

44. Rankin County was aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training, proper supervision and the failure to modify its training.

45. As such, Rankin County, Mississippi was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

46. The failure to train, supervise and/or to appropriately modify training constituted official Rankin County, Mississippi policies, practices, or customs.

47. Rankin County, Mississippi's failure to train, supervise and/or to modify training was behind the acts and omissions the Defendant Officers made toward Mr. Carter.

48. As a direct and proximate result of Rankin County's acts and omissions, Mr. Carter suffered injuries, and experienced pain and suffering.

49. As a direct and proximate result of the acts and omissions described herein, Mr. Carter suffered compensatory and special damages as defined under federal common law and in an amount to be determined by the jury.

50. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### COUNT IV.

### DAMAGES
### ECONOMIC DAMAGES

51. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

52. As a result of the act(s) or omission(s) of these Defendants, Plaintiff seeks the recovery of any and all kinds of economic damages available under the law and incurred as a result of the actions and inactions of the defendants, and the injuries sustained by the plaintiff.

### NON-ECONOMIC DAMAGES

53. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

54. As a result of the act(s) or omission(s) of these defendants, plaintiff seeks recovery for certain non-economic damages which occurred as a result of the Defendants' negligent act(s) or omission(s); including, but not limited to: physical injuries, pain and suffering, severe mental pain and suffering, anguish, inconvenience, worry, emotional distress, loss of the enjoyment of life, medical or special damages, and other damages, directly attributable to the occurrence made the basis of this lawsuit and directly attributable to his injuries and the harm he has sustained.

55. Plaintiff has suffered out-of-pocket expenses which include travel expenses, attorneys' fees, court costs, time from work and other expenses. Accordingly, Plaintiffs seek all general, special, incidental and consequential damages as shall be proven at the time of trial, including exemplary and enhanced damages. Plaintiffs seek pre-judgment interest at a rate

commensurate with the actual rate of interest in the marketplace or, alternatively, a statutory rate of interest because of the delay in receiving the damages and also to avoid unjust enrichment to Defendants.  Plaintiffs also seek post-judgment interest at the maximum rate allowed by law.

56. The amount of total damages suffered by Plaintiffs is significant and continuing in nature.  Plaintiffs reserve the right to amend and state further with respect to their damages.

## ATTORNEYS FEES

57. Pursuant to the Civil Rights Attorney's Fee Award Act, 42 U.S.C. §1988, a prevailing part in a §1983 case is entitled to recover his or her attorney's fees.  Hence the Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN**.

### Prayer for Relief

WHEREFORE, Plaintiff Samuel Carter prays for judgment against Defendants as follows:

a. As to Count I, a money judgment against John Doe Defendants 1-7, for compensatory, special, and punitive damages and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

b. As to Count II, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

      c.      As to Count III, a money judgment against Defendant Rankin County, Mississippi for compensatory and special damages in an amount to be determined together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interest.

      d.      For the appointment of a receiver or similar authority to ensure that the Rankin County properly trains and supervises

      e.      For such other and further relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED,
SAMUEL CARTER, PLAINTIFF

By: /s/ TRENT L. WALKER
Trent L. Walker, (MSB# 10475)

**TRENT WALKER, COUNSELOR AT LAW, PLLC**
**5255 KEELE STREET, SUITE A**
**JACKSON, MISSISSIPPI 39206**
**PHONE 601-321-9540**
**FACSIMILE 601-398-3918**
Trent@Trentwalkerlaw.com