UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAMUEL CARTER                                                                          PLAINTIFF

V.                                            CIVIL ACTION NO. 3:25-CV-437-KHJ-MTP

RANKIN COUNTY, MISSISSIPPI                                                    DEFENDANT

ORDER

This matter is before the Court sua sponte for case management purposes. For the reasons stated, the Court dismisses this case without prejudice.

I.   Background

Plaintiff Samuel Carter filed his Complaint against Rankin County, Mississippi on June 16, 2025. Compl. [1]. Almost four months passed, and Carter never filed proof that Rankin County was served with process. Unsure of perfected service, the Court ordered Carter to perfect service and file proof on the docket by October 16, 2025. Order and Notice to Pl. [2]. The Court warned that if Carter did not comply by that date, or seek more time to comply, the Court may dismiss the case without prejudice and without further notice. *Id.* Carter failed to comply with the Court's [2] Order, and the time to do so has passed.

II.   Analysis

The Court has authority under Federal Rule of Civil Procedure 41(b) to dismiss an action for a plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Court need not wait for a party to raise this issue but may dismiss an action sua sponte to "clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. This inherent authority arises from the Court's need to "manage [its] own affairs as to achieve the orderly and expeditious disposition of cases." *Id.* Dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed. R. Civ. P. 41(b), and is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629–30.

The Court ordered Carter to perfect service and file proof on the docket by October 16, 2025. He failed to do either one. The Court therefore dismisses this case without prejudice under Rule 41(b) for failure to prosecute and for failure to obey a Court order.

III.   Conclusion

For the reasons stated, this Court DISMISSES this case without prejudice. A separate final judgment consistent with this Order will be issued.

SO ORDERED AND ADJUDGED this the 22nd day of October, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE